E-FILED
Thursday, 08 March, 2007 02:37:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Tim Strange, Carrie Strange, and Strange Motion rod and Custom Construction Inc., | ) ) ) | |
| Plaintiffs/ Counter-defendants | ) ) ) | |
| v. | ) ) | Case No. 04-4017 |
| Phil Collins, | ) ) | |
| Defendant/ Counter-Plaintiff | ) ) | |

**ORDER**

In an earlier Order, the Court declined to rule on an issue of law that must be resolved before trial, namely whether Illinois recognizes the tort of commercial disparagement.

The earlier order noted that this question of law had not been clearly resolved by Illinois courts. At almost the same time that the earlier order was entered, however, the First District weighed in on the question and emphatically recognized the tort. Imperial Apparel Ltd. v. Cosmo's Designer Direct, Inc., 853 N.E.2d 770, 781 (Ill.App.2006).

In that case, the Illinois Court of Appeals not only explained why the tort of commercial disparagement is distinct from other similar torts, but also noted that the substantial majority of courts have found such claims to be viable under Illinois law. Id. at 781-82. See, Crinkley v. Dow Jones & Co., 385 N.E.2d 714 (Ill.App.1979); Montgomery Ward & Co. v. Dept Store Employees of America, CIO, 79 N.E.2d 46 (Ill. 1948). Accord, Appraisers Coalition v. Appraisal Institute, 845 F. Supp. 592, 610 (N.D.Ill. 1994); Richard Wolf Medical Instruments Corp. v. Dory, 723 F. Supp. 37, 42

(N.D.Ill. 1989).

In addition, the Imperial Apparel Court thoroughly distinguished or thoughtfully criticized those cases holding or indicating that Illinois does not recognize the tort. for example, in Becker v. Zellner, 684 N.E.2d 1378 (Ill.App.1997), the Court relied on several earlier cases, neither of which contained anything more than dicta or unsupported statements about the tort. And one of those cases, National Educational Advertising Svcs. Inc. v. Cass, 454 F. Supp. 71 (N.D.Ill. 1977), was repudiated in a later holding by that same court. Appraisers Coalition, 845 F. Supp. 592.

I have carefully considered the analysis in Imperial Apparel, as well as the decisions in the cases finding that this species of tort no longer exists in Illinois. I find the Intimate Apparel analysis persuasive. Accordingly, I conclude that the plaintiff's claim for commercial disparagement in Count III may go forward.

ENTER this 8th day of March, 2007.

s/ John A. Gorman

JOHN A. GORMAN

UNITED STATES MAGISTRATE JUDGE