E-FILED
Monday, 07 May, 2007   09:54:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Tim Strange, Carrie Strange, and Strange )
Motion Rod and Custom Construction, Inc., )
                    Plaintiffs )
                     )
    v. )    Case No. 04-4017
                     )
Phil Collins, )
                  Defendant )

## ORDER

Now before the Court are Defendant's Motion for Judgment Notwithstanding the Verdict on Count I (#62), pursuant to Fed.R.Civ.P. 50(b), and Plaintiffs' Motion for a New Trial or Alternatively to Alter or Amend judgment (#65), pursuant to Fed.R.Civ.P. 59. For the following reasons, the Plaintiffs' motion for a new trial or to alter or amend judgment is denied and the Defendant's motion for judgment as a matter of law on Count I of the Complaint is granted.

## BACKGROUND

This case was tried to a jury, which reached a verdict on April 4, 2007. Judgment on that verdict was entered on 4/9/07. The jury rejected all claims except the following two: The jury found in favor of Plaintiff Tim Strange on his Defamation Per Se claim against Phil Collins (Count I of the Complaint); the verdict form on that claim shows that "zero" was awarded in compensatory damages and "$25,000" was awarded in punitive damages. The jury also found in favor of Counter-plaintiff Phil Collins on his claim of Fraudulent Misrepresentation (Count 2 of the Counter-complaint) against both Tim and Carrie Strange and awarded Collins $3,000 in compensatory damages and $25,000 in punitive damages from each defendant.

## DISCUSSION

The Plaintiffs have filed a motion under Fed.R.Civ.P. 59, asking for a new trial or to alter or amend the judgment, because the verdict "shows the jury was confused and rendered inconsistent verdicts." Five separate bases for the motion are stated: (1) the award of punitive damages without compensatory damages on the defamation claim; (2) an award in favor of Tim Strange on the defamation claim but in favor of Collins on the false light and commercial disparagement claims; (3) an award in favor of Tim Strange but not Carrie Strange on the defamation claim; (4) the apparently arbitrary amount of damages on the fraud counterclaim; and (5) duplication of damages on the fraud counterclaim.

Defendant has filed a motion under Fed.R.Civ.P. 50(b) for judgment notwithstanding the verdict.[1] The only issue raised in this motion is identical to one of the issues raised by Plaintiffs, namely the legal error in awarding punitive damages.

Under Illinois law a claim for punitive damages fails if plaintiff sustains no actual damages. Florsheim v. Travelers Indemnity Co. of Illinois, 393 N.E.2d 1223, 1233 (Ill.App. 1979); Price v. Philip Morris Inc., 848 N.E.2d 1, 60 (Ill. 2005). See also, IPI 35.01; By-Prod Corp. v. Armen-Berry Co., 668 F.2d 956 (7th Cir. 1982)(Illinois law).

In By-Prod, the Seventh Circuit noted McNay v. Stratton, 9 Il..App. 215 (1881), which allowed imposition of punitive damages in the absence of compensatory damages. It appears that McNay is the only such case in Illinois based on the common law[2]. Other than McNay,

---

[1] Although Collins' motion is captioned a motion for jnov, such motions (along with motions for directed verdict) have, since the 1991 amendments to the Federal Rules, been known as motions for judgment as a matter of law under Fed.R.Civ.P. 50. See, e.g., Hogan v. J.B. Hunt Transp., Inc., 12 F.3d 1100 (table), text at 1993 WL 513889 (7th Cir. 1993). Such errors in denominating the motion are merely formal, and such motions should be treated as motions for judgment as a matter of law in accordance with Rule 50. See Committee Notes, Fed.R.Civ.P. 50, 1991 Amendments.

[2] There are other cases in which liability was premised upon a statute that expressly authorized the award of exemplary or punitive damages. Those cases have no bearing in

this Court's exhaustive search found dozens and dozens of Illinois cases holding that punitive damages may not be recovered in a common law case, unless they are accompanied by compensatory or nominal[3] damages; no case other than McNay was to the contrary.

The instructions given by the Court and agreed to by the parties, were clear: punitive damages could only be awarded "in addition to" compensatory damages, and "if" the jury had first found that compensatory damages should be awarded, then they were authorized to "add [punitive damages] to the award of compensatory damages".

It is therefore without dispute that the verdict on the defamation claim cannot stand as returned. The question is whether the remedy for this error is amendment of the judgment or a new trial.

The jury clearly considered the question of compensatory damages. The word "zero" was written into the space for the dollar amount of their award of such damages. A new trial would do nothing more than give the plaintiffs a second bite at the apple. The proper remedy for the jury's error is amendment of the judgment, striking the award of punitive damages.

Moreover, because damages are an essential element of a tort claim, the finding of zero damages means that plaintiffs failed to meet their burden of proof. The Judgment on the defamation claim must be vacated and an amended judgment must be entered, showing judgment as a matter of law in favor of defendant and against plaintiffs.

Once the judgment on the defamation claim is amended, there is no inconsistency between the outcome of that claim and the false light claim or the outcome of the defamation

---

this common law case.

[3]The other case to which plaintiffs refer, Estate of Hoellen, 854 N.E.2d 775 (Ill.App. 2006) is inapplicable to the issue here; the jury in that case awarded nominal damages and punitive damages.

claim and the commercial disparagement claim.  Nor is there any inconsistency between the verdicts on the defamation claim as to Tim Strange compared with Carrie Strange.

Plaintiffs next assert that the amount of damages ($3000 compensatory and $25,000 punitive from each of the Strange's) awarded to Collins on his fraud counterclaim were arbitrary and duplicated.  According to the Strange's, the amount of the award is "speculative and not supported by the evidence"  because it is not "tied to some evidence of value."  Because the $3000 does not jive with anything of value, plaintiffs argue that neither the awards of compensatory damages nor the accompanying punitive damage awards can survive.

The only case cited by the Strange's is Zazu Designs v. L'Oreal, 979 F.2d 499 (7th Cir. 1992).  In Zazu, the Court of Appeals rejected an award of $100,000 for lost profits by a company who had never entered the market.  In doing so, the Court noted that "people who want damages have to prove them, using methodologies that need not be intellectually sophisticated but must not insult the intelligence.  Compensatory damages must rest on a just and reasonable estimate of the damage based on relevant data."  Id. at 505-06.

The evidence in this case showed that Collins paid to Plaintiffs about $56,000.  The total amount of compensatory and punitive damages the jury awarded to Collins was $56,000.  The Zazu case does not stand for the proposition this type of allocation of damages by a jury is speculative or erroneous as a matter of law, and the Court has found no case that so rules.  While the methodology used by the jury in their effort to make Collins whole may have been unsophisticated, that does not make it speculative.  There is a basis in the record for the award of damages on this claim.

The mere fact that the same amount of damages was awarded against each of the Strange's does not mean that the award constitutes a double recovery or that the Strange's

4

should be found jointly and severally liable. The jury instructions clearly articulated that there were claims against each of the Strange's that must be evaluated separately. The jury clearly did just that.

## CONCLUSION

The Plaintiffs' motion for a new trial or to alter or amend judgment is denied. The Defendant's motion for judgment as a matter of law on Count I of the Complaint is granted, to the extent stated herein. Judgment as a matter of law is entered in favor of Collins and against the Strange's on Count I of the Complaint, namely the defamation per se claim.

The Clerk is directed to prepare an amended judgment, changing the judgment as to Count I of the Complaint (the defamation per se claim) only, which shall read:

> **IT IS ORDERED AND ADJUDGED** that judgment on Count I of the complaint is entered in favor of defendant Phil Collins on the Count of Defamation Per Se and against plaintiffs Tim Strange and Carrie Strange.

ENTER this 7th day of May 2007

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

.